IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **SALVATORE BONACCORSO** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-00060 |
| | § | |
| **24 HOUR FITNESS USA, INC.** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT 24 HOUR FITNESS USA, INC.'S
SECOND AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness") files this Second Amended Answer to Plaintiff Salvatore Bonaccorso's ("Plaintiff or "Bonaccorso") Original Petition and in support thereof, states as follows:

**I.   ANSWER TO PLAINTIFF'S PETITION**

1. Paragraph 1 of the Petition purports to be an election to conduct discovery under the TEXAS RULES OF CIVIL PROCEDURE to which no response is required. To the extent that a response is required, 24 Hour Fitness denies that Plaintiff is entitled to the discovery control plan sought in Paragraph 1.

2. 24 Hour Fitness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Petition; therefore they are denied.

3. With regard to the allegations contained in Paragraph 3 of the Petition, 24 Hour Fitness admits only that Plaintiff is an individual residing in League City, Texas and that the last three digits of his Texas driver's license number are 124. 24 Hour Fitness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Petition; therefore they are denied.

4. With regard to the allegations contained in Paragraph 4 of the Petition, 24 Hour Fitness admits only that its principal place of business is in San Ramon, California and that it may be served through its registered agent for service in the State of Texas, Corporation Service Company, d/b/a CSC Corporation Service, at 211 E. 7th Street, Austin, Texas 78701. 24 Hour Fitness denies the remaining allegations contained in Paragraph 4 of the Petition.

5. Paragraph 5 of the Petition is an allegation that the state court has subject matter jurisdiction over this lawsuit to which no response is required. To the extent that a response is required, 24 Hour Fitness denies that the state court has jurisdiction over this lawsuit as it has been properly removed.

6. 24 Hour Fitness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Petition; therefore they are denied.

7. 24 Hour Fitness admits the allegations contained in Paragraph 7 of the Petition.

8. With regard to the allegations contained in Paragraph 8 of the Petition, 24 Hour Fitness admits only that Plaintiff purchased a two-year membership on or about May 12, 2016. 24 Hour Fitness denies the remaining allegations contained in Paragraph 8 of the Petition.

9. With regard to the allegations contained in Paragraph 9 of the Petition, 24 Hour Fitness admits only that Eliseo Octaviano Flores ("Flores") is a group Zumba instructor at the 24 Hour Fitness facility located at 2765 Gulf Freeway South, League City, Texas 77573 ("League City – 24 Hour Fitness"). 24 Hour Fitness is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Petition; therefore they are denied.

10. 24 Hour Fitness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Petition; therefore they are denied.

11. 24 Hour Fitness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Petition; therefore they are denied.

12. 24 Hour Fitness is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Petition; therefore they are denied.

13. 24 Hour Fitness denies the allegations contained in Paragraph 13 of the Petition.

14. 24 Hour Fitness denies the allegations contained in Paragraph 14 of the Petition.

15. With regard to the allegations contained in Paragraph 15 of the Petition, 24 Hour Fitness incorporates the admissions and denials contained in Paragraphs 1 through 14 by reference, as though fully set forth herein. 24 Hour Fitness denies the remaining allegations contained in Paragraph 15.

16. 24 Hour Fitness denies the allegations contained in Paragraph 16 of the Petition.

17. Paragraph 17 purports to be a summary of relief sought by Plaintiff and contains no factual averments to which a response is required. To the extent a response is required, 24 Hour Fitness denies that Plaintiff is entitled to the relief sought in Paragraph 17 of the Petition.

18. Paragraph 18 purports to be a summary of relief sought by Plaintiff and contains no factual averments to which a response is required. To the extent a response is required, 24 Hour Fitness denies that Plaintiff is entitled to the relief sought in Paragraph 18 of the Petition.

19. 24 Hour Fitness denies the allegations contained in Paragraph 19 of the Petition.

20. With regard to the allegations contained in Paragraph 20 of the Petition, 24 Hour Fitness admits only that Plaintiff seeks judgement against 24 Hour Fitness and a trial by jury on all issues so triable. However, 24 Hour Fitness denies that it has violated any laws and that Plaintiff is entitled to the relief sought in his Petition. 24 Hour Fitness denies that Plaintiff is

entitled to a trial by jury.  24 Hour Fitness further denies all allegations contained in the Petition that are not expressly admitted above.

## II.     AFFIRMATIVE AND OTHER DEFENSES

Further answering, and reserving its right to assert additional defenses at such time and to the extent warranted by discovery and factual development in this case, 24 Hour Fitness asserts the following defenses:

21.     Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief can be granted.

22.     Plaintiff, in whole or in part, has failed to mitigate his damages.

23.     Plaintiff's damages, if any, were caused by the acts and omissions of Plaintiff and/or other vicarious third parties who were the sole proximate cause of the alleged injuries and damages sustained by Plaintiff.

24.     Plaintiff has failed to satisfy a condition precedent to filing suit. Specifically, Plaintiff has not complied with Section 17.505(a) of the TEX. BUS. & COM. CODE, which requires that Plaintiff give written notice to 24 Hour Fitness, sixty (60) days before filing suit, of Plaintiff's specific complaints and the amount of actual damages and expenses, including attorneys' fees, if any, incurred by Plaintiff as of that time. Pursuant to Section 17.505(d) of the TEX. BUS. & COM. CODE, 24 Hour Fitness is entitled to have this suit abated until the 60th day after Plaintiff has properly notified 24 Hour Fitness of his claims.

25.     Plaintiff has suffered no compensable damage or injury. 24 Hour Fitness did not knowingly or intentionally engage in any conduct listed under Section 17.50 of the TEX. BUS. & COM. CODE. Accordingly, Plaintiff cannot recover mental-anguish damages. TEX. BUS. & COM. CODE § 17.50(b)(1); *City of Tyler v. Likes*, 962 S.W.2d 489, 498 n.1 (Tex. 1997).

26. By commencing this action, Plaintiff has ignored his obligation to arbitrate the claims he asserts in his Petition pursuant to the arbitration provision contained within Plaintiff's membership agreement. By filing this Answer, 24 Hour Fitness does not waive its right to enforce the parties' agreement and compel Plaintiff to arbitrate his claims.

27. Defendant asserts the application of Chapter 33 of the Texas Civil Practice and Remedies Code. Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence and/or comparative fault.

### III. COUNTERCLAIM

28. The causes of action asserted in Plaintiff's Original Petition for violation of the TEX. BUS. & COM. CODE are groundless, brought in bad faith, and asserted only for the purpose of harassment. 24 Hour Fitness has retained Reed Smith, LLP in this litigation. As a result, 24 Hour Fitness has incurred and will continue to incur attorneys' fees and court costs in defense of this litigation. Under Section 17.50(c) of the TEX. BUS. & COM. CODE, 24 Hour Fitness is entitled to recover its reasonable and necessary attorneys' fees and court costs from Plaintiff.

### IV. PRAYER

29. Defendant/Counter-Plaintiff 24 Hour Fitness USA, Inc. respectfully requests that Plaintiff Salvatore Bonaccorso take nothing by his claims, that 24 Hour Fitness USA, Inc. be awarded reasonable attorneys' fees for defending the claims asserted by Plaintiff, that additional costs be assessed against Plaintiff for 24 Hour Fitness USA, Inc.'s counterclaim, and for such other and further relief to which 24 Hour Fitness USA, Inc. may be justly entitled.

Respectfully submitted,

REED SMITH, LLP


By: /s/ Stephan D. Selinidis
    Ricky A. Raven
    S.D. Tex. Bar No. 9416
    State Bar No. 16585500
    Stephan D. Selinidis
    S.D. Tex. Bar No. 866375
    State Bar No. 24056293
    811 Main Street, Suite 1700
    Houston, Texas 77002
    (713) 469-3800 Telephone
    (713) 469-3899 Facsimile
    rraven@reedsmith.com
    sselinidis@reedsmith.com


ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF 24 HOUR FITNESS USA, INC.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument was served via ECF and/or certified mail, return receipt requested on the following counsel of record on this 13th day of July, 2017:

DANIEL KISTLER
17041 El Camino Real, Ste. 204
Houston, Texas 77058
Telephone: 713-855-0827
Fax: 866-352-5124
Email: kistlerattorney@comcast.net

ATTORNEY FOR PLAINTIFF

/s/ Stephan D. Selinidis
Stephan D. Selinidis

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiff consented in writing to Defendant filing this Second Amended Answer.

/s/ Stephan D. Selinidis
Stephan D. Selinidis